UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:21-00032-08

DARIUS COLES

MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the court is the defendant's pro se Motion Number 3582(c)(2), filed on January 2, 2024, wherein the defendant requests pursuant 18 U.S.C. § 3582(c)(2) and a subsequent reduction in the applicable sentencing guideline with respect to criminal history, to reduce his sentence and/or in the alternative amend his Criminal History Category.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points (additional criminal history points given for the fact of having committed the instant offense while under a criminal justice sentence), decreasing them by one point for individuals with seven or more criminal history points (excluding status points) and eliminating status points for

those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office.

On June 8, 2021, the defendant plead guilty to Count Fifteen of a fifteen-count Indictment, in which the defendant was named in counts one and fifteen.  Count Fifteen charged the defendant with distribution of a quantity and substance containing a detectable amount of Methamphetamine, its salts, isomers, and salts of its isomers in violation of 21 U.S.C. § 841(a)(1).  At the time of his original sentencing, the defendant had five criminal history points, three points for a prior criminal conviction, and two points added to his criminal history points as he committed the offense of conviction while under a criminal justice sentence.  These two additional points are known as status points.  The defendant had a Total Offense Level of 27 and a Criminal History Category of III, for a

2

Guideline range of 87 to 108 months.  On September 9, 2021, the court imposed a downward variant sentence of imprisonment of 78 months, to be followed by 3 years supervised release on the offense of conviction.

Following the retroactive amendment to the Guidelines, the defendant's status points would be eliminated, and his criminal history points now total three, which yields a lower Criminal History Category of II.  The new Criminal History Category of II with the Total Offense Level of 27, results in an amended Guideline range of 78-97.

The defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because he received a variant sentence of 78 months on Count Fifteen which is already at the minimum of the amended guideline range of 78-97 months. Pursuant to U.S.S.G § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range."

Finding that the defendant is ineligible for a reduction in his sentence, the court has not appointed counsel or ordered the parties to submit responses.

Accordingly, it is ORDERED that any reduction in sentencing pursuant to 18 U.S.C. §3582(c)(2) be, and it hereby is, DENIED.  It is further ORDERED that the defendant's Criminal History Category be reduced from a Criminal History Category of III to a Criminal History Category of II pursuant to Amendment 821 of the *Guidelines Manual.*  All other terms and conditions of the sentence imposed on September 9, 2021, and set forth in the Judgment Order entered on October 19, 2021, remain in effect.

The Court DIRECTS the Clerk to send a copy of this Order to Defendant, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:  April 23, 2024

John T. Copenhaver, Jr.
Senior United States District Judge